## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NATIONAL FEDERATION OF THE BLIND, INC.
At Jernigan Place
Baltimore, Maryland 21230,
on behalf of its members and itself;

    and

JAMAL MAZRUI,                    Case No.: 1:19-cv-06249

        Plaintiffs,

    v.

                            Hon. Sharon Johnson Coleman

UNITED STATES OFFICE OF PERSONNEL
MANAGEMENT
1900 E Street, NW
Washington, DC 20145-1000,

    and

MICHAEL RIGAS,[1]
ACTING DIRECTOR,
UNITED STATES OFFICE OF PERSONNEL
MANAGEMENT
in his Official Capacity
1900 E Street, NW
Washington, DC 20145-1000,

    and

THE BLUE CROSS BLUE SHIELD ASSOCIATION
225 North Michigan Avenue
Chicago, IL 60601,

        Defendants.

---

[1] Plaintiffs named OPM's former Acting Director Margaret Weichert in her official capacity as a Defendant, *see* ECF No. 1, but Weichert was succeeded as Director of OPM by Dale Cabaniss on September 16, 2019. *See OPM Welcomes Director Dale Cabaniss as the Agency's 12th Director* (Sept. 16, 2019), https://www.opm.gov/ news/releases/2019/09/opm-welcomes-director-dale-cabaniss-as-the-agency's-12th-director/.  On

## FIRST AMENDED COMPLAINT

Plaintiffs Jamal Mazrui (the "Individually Named Plaintiff") and the National Federation of the Blind ("NFB"), on behalf of itself and its members (collectively, the "Plaintiffs"), complain of the Defendants and allege herein as follows:

## INTRODUCTION

1.      This action arises from the Defendants' failure to ensure that website content and mobile device content are accessible to blind individuals. Defendant U.S. Office of Personnel Management ("OPM") and its Acting Director Michael Rigas, have failed to ensure that information about the various plans offered through the Federal Employees Health Benefits Program ("FEHBP") on the Healthcare section of its website, https://www.opm.gov/healthcare-insurance/healthcare/, are accessible to blind individuals. Defendants The Blue Cross Blue Shield Association ("BCBSA"), OPM, and Rigas have failed to ensure that the website, https://www.fepblue.org ("fepblue.org"), and its accompanying fepblue mobile device application (i.e., "app"[2]) for the Blue Cross Blue Shield Federal Employee Program ("BCBS FEP"), which is offered through the FEHBP, are accessible to blind individuals.[3]

2.      BCBS FEP is part of the FEHBP, which is the primary source of health insurance for federal employees and their family members. The FEHBP is the largest employer-sponsored

---

March 17, 2020, Cabaniss resigned as Director of OPM, and Michael Rigas succeeded her as Acting Director. *See* Nicole Ogrysko, *Cabaniss Resigns As OPM Director*, Federal News Network (Mar. 17, 2020, 6:50 PM), https://federalnewsnetwork.com/workforce/2020/03/cabaniss-resigns-as-opm-director/. Under Federal Rule of Civil Procedure 25(d), Rigas in his official capacity is "automatically substituted as a party" for Weichert.

[2] Mobile device applications, known as "apps" for short, are computer programs or software designed to operate on smaller mobile devices, such as mobile phones, tablets, and smart watches.

[3] Plaintiffs use the word "blind" to describe individuals who, as a result of a visual impairment, are substantially limited in the major life activity of seeing. This includes individuals who have no vision as well as people who have low vision.

group health insurance program in the world, covering over 8 million federal employees, family members, former employees, retirees, and former spouses. Although there are various health insurance options in the FEHBP, the BCBS FEP is by far the most popular, covering about two thirds of those participating—roughly 5.3 million people.

3.      Federal employees, family members, former employees, retirees, and former spouses may obtain information about their health insurance options from OPM, which administers the FEHBP. OPM, through its Acting Director Rigas, provides information about the various plans offered through the FEHBP, including the BCBS FEP, on the Healthcare section of its website, https://www.opm.gov/healthcare-insurance/healthcare/. This information includes the plan brochures, rates, and links to the various websites, including the website for the BCBS FEP, fepblue.org.

4.      When a website or app is properly formatted, it is universally available to sighted and blind people alike. Unfortunately, fepblue.org, the fepblue app, and the Healthcare section of opm.gov contain barriers that prevent people who are blind from accessing the information, enjoying the services, or taking advantage of the benefits they offer to sighted persons. Because Defendants have failed to ensure the accessibility of fepblue.org, the fepblue app, and the Healthcare section of opm.gov, they have discriminated against blind persons who are eligible to participate in the FEHBP, excluded them from full participation in, and denied them the benefits of the information, services, programs, and activities to which eligible sighted individuals are permitted 24/7, unfettered access. This action seeks to remedy that discrimination and inequality.

**JURISDICTION AND VENUE**

5.      This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C.§ 1331 and § 1343, because Plaintiffs' federal civil rights claims arise under the Rehabilitation Act, 29

U.S.C. § 794 and § 794d, the Affordable Care Act, 42 U.S.C. § 18116, and the Americans with Disabilities Act, 42 U.S.C. § 12182.

6.      This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a) as such claims "are so related to claims in the action … that they form part of the same case or controversy."

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant, The Blue Cross Blue Shield Association, resides in this District.

## PARTIES

8.      Plaintiff Jamal Mazrui is a resident of Seattle, Washington, a member of the NFB, and a former employee of the federal government. Mr. Mazrui is blind. He is a person with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102(a), in that he is substantially limited in the major life activity of seeing. Mr. Mazrui is a retired federal government employee and is enrolled in the BCBS FEP.

9.      The National Federation of the Blind, the oldest and largest national organization of blind persons, is a non-profit corporation duly organized under the laws of the District of Columbia with its principal place of business at 200 East Wells Street in Baltimore, Maryland. It has affiliates in all 50 states, Washington, D.C., and Puerto Rico. The vast majority of its approximately 50,000 members are blind persons who are recognized as a protected class under federal laws. The NFB is widely recognized by the public, Congress, executive agencies of government, and the courts as a collective and representative voice on behalf of blind Americans and their families. The organization promotes the general welfare of blind people by assisting the blind community in their efforts to integrate themselves into society on terms of equality and by removing barriers that result in the denial of opportunity to blind persons in virtually every sphere

4

of life, including health care, education, employment, family and community life, transportation, and recreation.

10.     The ultimate purpose of the NFB is the complete integration of blind individuals into society on a basis of equality. This objective includes the removal of legal, economic, and social discrimination. As part of its mission and to achieve these goals, the NFB pursues litigation and other efforts to ensure that blind people receive equal access to health care and employment benefits, including information regarding such.

11.     The NFB and many of its members have long been actively involved in promoting accessible technology for blind people so they can live and work independently in today's technology-dependent world. To this purpose, the NFB has established the Center of Excellence in Nonvisual Access to provide expertise, best practices, and resources to enable businesses, government, and educational institutions to more effectively provide accessible information and services to the blind community. The NFB has also established the International Braille and Technology Center for the Blind, which endeavors to promote the understanding of accessible technology and its proliferation.

12.     NFB members include numerous federal employees, family members, former employees, retirees, and former spouses who reside throughout the United States. One of the NFB's committees is the Blind Federal Employment Committee. Many NFB members are participants in the FEHBP and the BCBS FEP.

13.     This action is brought by the NFB on behalf of its members and itself. The NFB sues on behalf of its members throughout the United States who are federal employees, family members, former employees, retirees, and former spouses who participate or are eligible to participate in the FEHBP and the BCBS FEP. The NFB also sues in furtherance of its extensive

efforts and expenditure of resources in promoting three of its principal missions: (1) independence of blind people; (2) equal access to health care and information regarding such for blind people; and (3) equal access to technology for blind people. The Defendants' discriminatory use of inaccessible websites and a mobile app frustrates these missions and results in the diversion of NFB resources that otherwise could have been directed to other programs and activities.

14.     Defendant OPM is the chief human resources agency and personnel policy manager for the Federal Government and administers the FEHBP. OPM is responsible for the administration of the FEHBP, including contracting for and approving or disapproving carriers for participation in the FEHBP; negotiating benefit and rate changes with carriers; approving the information provided about benefits for brochures and on-line; publishing FEHBP regulations, instructions, forms, and documents; receiving and depositing premium withholdings and contributions, remitting premiums to carriers, and accounting for the Employees Health Benefits Fund; making final determinations of the applicability of the FEHBP law to specific employees or groups of employees; studying and evaluating the operation and administration of the FEHBP law and the plans offered under it, and reporting findings to Congress; providing guidance to agencies; auditing carriers' operations under the law; resolving disputed health insurance claims between the enrollee and the carrier; and conducting employing agency FEHBP responsibilities for retired employees and survivor annuitants. The federal government pays approximately 72% of the premiums of persons enrolled in the FEHBP.

15.     Defendant Michael Rigas is the Acting Director of OPM.

16.     Defendant The Blue Cross Blue Shield Association is a national association of 36 independent, community-based, and locally operated Blue Cross Blue Shield companies. BCBSA

contracts with OPM to establish the benefits and premiums for the BCBS FEP offered to federal employees, family members, former employees, retirees, and former spouses through the FEHBP.

## FACTUAL ALLEGATIONS

### Federal Employment of Blind Individuals

17.     The federal government is the nation's largest employer and a large employer of individuals with disabilities. The federal government prioritizes employment of people with disabilities through Section 501 of the Rehabilitation Act, 29 U.S.C. § 791 ("Section 501"). Blindness or "serious difficulty seeing even when wearing glasses" is a "targeted disability" for purposes of the federal government's nondiscrimination and affirmative action obligations under Section 501.

18.     As of the end of Fiscal Year 2015, nearly 10% of federal employees were identified as having disabilities, with over 1% being individuals with targeted disabilities such as blindness or low vision. Additionally, over 10% of new hires were individuals with disabilities, approximately 1.3% of whom were individuals with targeted disabilities.

### Use of the Internet and Mobile Apps by Blind Individuals

19.     For persons both sighted and blind, the Internet and mobile apps are a significant source of information, services, and transactions with instant and 24/7 availability and without the need to travel to attain them.

20.     People who are blind access the Internet and mobile apps from mobile devices and/or personal computers by using keyboard controls and screen access software, which vocalizes textual information presented visually on a computer screen or displays that information on a user-provided refreshable braille display. Such software provides the only method by which blind persons can independently access the Internet and associated computer programs, as well as mobile

apps. When Internet websites and apps are not designed to allow for use with screen access software, blind persons are unable to access the information, products, and services offered through the Internet or through the mobile apps.

**OPM's Inaccessible Website and BCBS FEP's Inaccessible Website and Mobile App**

21.     Defendant OPM includes information about the health insurance benefits and plans available through the FEHBP on its website, https://www.opm.gov/healthcare-insurance/healthcare/. OPM provides information on its website to allow eligible participants to choose among available plans and provides links to the plans and their related information. On its website, OPM provides plan brochures, including rates and patient safety information, for the BCBS FEP and includes a link to fepblue.org.

22.     Defendants BCBSA, OPM, and Rigas have owned, operated, developed, procured, maintained, and/or used fepblue.org and the fepblue mobile app for the purpose of providing federal employees, family members, former employees, retirees, and former spouses with information, services, programs, and activities, namely, information about, and procurement and management of, health insurance benefits for eligible individuals.

23.     Defendant BCBSA refers eligible and participating individuals to fepblue.org for information about benefits. For example, BCBSA's 2019 Member News document states, "Visit our website fepblue.org regularly to learn more about your benefits. It makes it easy for you to keep up with the Service Benefit Plan 24/7. You can download the 2019 Blue Cross and Blue Shield Service Benefit Plan brochures to view your official statement of benefits. Get them here: fepblue.org/brochure." Participants may also use fepblue.org to submit a claim or locate a provider.

24.     On fepblue.org, Defendant BCBSA offers MyBlue®, a "personal health website." BCBSA's 2019 FEP Blue Focus document states, "We encourage you to sign up for MyBlue®

8

(our dedicated member website) as soon as you enroll. You can register via the app or on our website fepblue.org." MyBlue® allows members to log in to view their personal health record and financial dashboard, as well as access a variety of additional services, programs, and activities that are only available on fepblue.org. Through MyBlue® participants may participate in the "Wellness Incentive Program," which allows them to complete various health assessments to receive up to hundreds of dollars in rewards. These programs are only available through MyBlue®. The website also has helpful wellness resources and tools that are only available online, including the online health coach and online symptom checker.

25. Also on fepblue.org, Defendant BCBSA encourages plan participants to "Download the fepblue app to get the most out of your coverage—find a provider, contact the Nurse Line, estimate procedure costs and much more." Defendant BCBSA touts the fepblue app as "provid[ing] members with 24/7 access to helpful features, tools and information related to your Blue Cross and Blue Shield Service Benefit Plan benefits." The fepblue app allows plan participants to, among other things, look up coverage details, access helpful claim term definitions, connect to Teladoc® for 24/7 access to virtual doctors, and receive notifications of wellness awards and incentives.

26. Defendants OPM, Rigas, and BCBSA are required to ensure that their electronic and information technologies and electronic communications are accessible to people with disabilities. The BCBS FEP brochure for 2021 falsely states, "Our website, www.fepblue.org, adheres to the most current Section 508 Web accessibility standards to ensure that visitors with visual impairments can use the site with ease," and

> The Blue Cross and Blue Shield Service Benefit Plan complies with all applicable Federal civil rights laws, to include both Title VII of the Civil Rights Act of 1964. We:

> Provide free aids and services to people with disabilities to communicate effectively with us, such as:
>
> …
> - Written information in other formats (large print, audio, accessible electronic formats, other formats)
>
> …

27.     Despite the Defendants' acknowledgment that the BCBS FEP website fepblue.org and the fepblue mobile app must be accessible, the website and mobile app contain programming barriers that make them incompatible with screen access software. The website's barriers exist even when the website is accessed through OPM's website, https://www.opm.gov/healthcare-insurance/healthcare/. Thus, the Defendants have denied and continue to deny individuals who are blind meaningful access to the information, services, programs, and activities offered by the Defendants through fepblue.org and the fepblue mobile app.

28.     The website fepblue.org suffers a myriad of accessibility problems, including: (1) the lack of accessible menus and links, which would allow a blind user to navigate the website independently by using a keyboard instead of a mouse; (2) unlabeled controls, tables, and buttons, which preclude a blind user from accessing relevant content on the website; (3) use of colored fonts resulting in color contrast barriers, to the detriment of users with limited vision; (4) untagged PDF documents, including Explanation of Benefits, which prevent screen access software from reading information in the document in the order in which it is written; and (5) the lack of needed navigable shortcuts like headers, which would allow a blind user to locate and jump to relevant sections of a website quickly, while skipping irrelevant content.

29.     Mr. Mazrui and NFB's FEP-eligible blind members have encountered barriers on fepblue.org and the fepblue mobile app. Specifically, they cannot independently access Explanation of Benefits; order new ID cards; send secure messages; update their member, contact, or health information; complete health assessments; or receive rewards. In addition, the

inaccessible website frustrates the missions of the NFB and results in the diversion of NFB resources that otherwise could have been directed to other programs and activities. Mr. Mazrui and NFB's FEP-eligible blind members have encountered accessibility barriers on the Healthcare section of opm.gov.

30.     The fepblue mobile app has radio buttons that do not have a screen reader-accessible name and does not indicate when radio buttons and text are "clickable," i.e., a screen reader can read the text, but there is no indication that the text is denoting a radio button or a hyperlink. In addition, when a blind user attempts to activate a hyperlink using a mobile screen reading program such as VoiceOver, the link does not activate.

31.     In addition to failing to ensure that BCBS FEB's website and mobile app are accessible to blind individuals, the Healthcare section of OPM's own website, https://www.opm.gov/healthcare-insurance/healthcare/, is inaccessible to blind individuals.

32.     For Mr. Mazrui, the obstacles to using the fepblue.org and mobile app, as well as the Healthcare section of opm.gov, have been so severe that he has had no ability to access his health insurance information privately and independently. Instead, Mr. Mazrui must rely on friends or family and telephone interactions with BCBSA staff, when those staff are willing to assist him.

33.     Because fepblue.org, the mobile app, and the Healthcare section of opm.gov, are not programmed to be accessible through screen access software, Defendants OPM, Rigas, and BCBSA are denying blind people equal and meaningful access to the information, services, programs, and activities offered through their websites and BCBSA's mobile app to sighted individuals.

34.     Technology exists for websites and mobile apps to be accessible to blind people. Screen access technology has existed for decades. Further, widely accepted standards, including

the legal standards under Section 508 of the Rehabilitation Act, exist to guide entities in making their websites and mobile apps accessible to blind users. Numerous websites and mobile apps have already been designed to be compatible with screen access technology.

35. Defendants OPM, Rigas, and BCBSA are and have been aware of the access barriers that prevent blind federal employees, family members, former employees, retirees, and former spouses from accessing the BCBS FEP through fepblue.org, the fepblue app, and opm.gov. Nevertheless, OPM, Rigas, and BCBSA have disregarded their obligations by failing to make their websites and BCBSA's mobile app accessible.

36. Congress provided a clear national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Rehabilitation Act, the Americans with Disabilities Act, and the Affordable Care Act. Such discrimination includes barriers to employment, health care, full integration, independent living, and equal opportunity for persons with disabilities. In addition, Congress, through Section 508 of the Rehabilitation Act, has specifically made clear that electronic and information technology, including websites and mobile apps, used by the federal government to provide information, services, programs, and activities must be accessible.

37. Defendant BCBSA has received and continues to receive Federal financial assistance.

**COUNT ONE**
**VIOLATION OF SECTION 508 OF THE REHABILITATION ACT**
**(29 U.S.C. § 794d)**
**Against Defendants OPM and Rigas, in his official capacity**

38. The allegations contained in the previous paragraphs are incorporated by reference.

39. Section 508 of the Rehabilitation Act, 29 U.S.C. § 794d, requires that federal agencies "procuring … or using electronic and information technology … ensure, unless an undue

burden would be imposed on the department or agency, that the electronic and information technology allows" individuals with disabilities, both federal employees and members of the public, to "have access to and use of information and data that is comparable to the access to and use of the information and data by [individuals] who are not individuals with disabilities." 29 U.S.C. § 794d(a)(1)(A)(i) and (ii).

40.    Section 508 requires and authorizes the Architectural and Transportation Barriers Compliance Board ("Access Board") to issue accessibility standards for electronic and information technology. 29 U.S.C. §794d(a)(2). The Access Board first issued Section 508 Standards in 2000. On January 18, 2017, the Access Board issued a final rule amending the Section 508 Standards, effective March 21, 2017. 36 C.F.R. Part 1194.1 and App. A and App. C. Compliance with the amended Section 508 Standards was required as of January 18, 2018.

41.    OPM and Rigas use and procure the BCBS FEP website, fepblue.org, the Healthcare section of opm.gov, and the fepblue app to provide insurance benefits to federal employees, family members, former employees, retirees, and former spouses. Fepblue.org, opm.gov, and the fepblue app do not comply with either the original 2000 Section 508 Standards or the 2017 amended Section 508 Standards. Despite having received notice that fepblue.org, the Healthcare section of opm.gov, and the fepblue app fail to meet the applicable accessibility standards, Defendants have not ceased using fepblue.org, the Healthcare section of opm.gov, or the mobile app, nor have they or remediated their inaccessibility.

42.    By procuring or using the BCBS FEP website, fepblue.org, the Healthcare section of opm.gov, and the fepblue app to offer healthcare insurance or administer health insurance benefits as part of its FEHBP for federal employees, family members, former employees, retirees, and former spouses, Defendants have failed to ensure that the electronic and information

13

technology used in fepblue.org, the Healthcare section of opm.gov, and the fepblue app allow individuals with disabilities to have access to and use of information and data that is comparable to the access to and use of information and data by those who do not have disabilities. Consequently, Defendants OPM and Rigas have failed to ensure compliance with Section 508.

43.     As a result of these actions, Defendants have deprived Mr. Mazrui and NFB's BCBS FEP-eligible blind members of the information, services, programs, and activities that are afforded to sighted federal employees, family members, former employees, retirees, and former spouses. In addition, Defendants' discriminatory use of inaccessible websites and the fepblue app frustrates the missions of the NFB and results in the diversion of NFB resources that otherwise could have been directed to other programs and activities.

44.     As a result of Defendants' wrongful conduct, Plaintiffs have suffered and will continue to suffer discrimination because of their disabilities.

45.     As a result of Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 794 requiring Defendants to remedy the discrimination.

46.     Plaintiffs are also entitled to declaratory relief pursuant to 29 U.S.C. § 794.

47.     Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to the Rehabilitation Act.

**COUNT TWO**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**
**(29 U.S.C. § 794)**
**Against Defendants OPM and Rigas, in his official capacity**

48.     The allegations contained in the previous paragraphs are incorporated by reference.

49.     Section 504 of the Rehabilitation Act of 1973 (as amended) provides that:

> No otherwise qualified individual with a disability in the United States. . . shall, solely by reason of his or her disability, be excluded

14

from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency[.]

29 U.S.C. § 794 (as amended).

50.     As part of its accessibility mandate, Section 504 requires that Defendants OPM and Rigas afford persons with disabilities an equal opportunity to participate in or benefit from any aid, benefit, or service that OPM provides directly or through contractual, licensing, or other arrangements. 5 C.F.R. § 723.130. OPM and Rigas also must furnish appropriate auxiliary aids, including accessible electronic and information technology, where necessary to afford individuals with disabilities an equal opportunity to participate in, and enjoy the benefit of, a program or activity conducted by the agency. 5 C.F.R. § 723.160.

51.     Mr. Mazrui and NFB's BCBS FEP-eligible blind members are "individual[s] with a disability" as defined in 29 U.S.C. § 705(20) because each has a visual impairment that substantially limits one or more of his or her major life activities, including the major life activity of seeing.

52.     Mr. Mazrui and NFB's BCBS FEP-eligible blind members are federal employees, family members, former employees, retirees, or former spouses, and, therefore, are qualified to participate in the FEHBP. Through the BCBS FEP website, fepblue.org, the Healthcare section of opm.gov, and the fepblue app, Defendants OPM and Rigas provide FEHBP insurance benefits to federal employees, family members, former employees, retirees, and former spouses on behalf of OPM.

53.     Because individuals who are blind cannot access the benefits or information that OPM provides about the BCBS FEP on fepblue.org, the Healthcare section of opm.gov, and the fepblue app, Defendants OPM and Rigas have denied Mr. Mazrui and NFB's BCBS FEP-eligible

blind members an equal opportunity to participate in, benefit from, or enjoy the benefits of the FEHBP, which Defendants provide to nondisabled federal employees, family members, former employees, retirees, and former spouses. These violations are ongoing.

54. Because Defendants OPM and Rigas are and have been aware of the access barriers that prevent blind federal employees, family members, former employees, retirees, and former spouses from accessing the benefits and information on fepblue.org, the Healthcare section of opm.gov, and the fepblue app, and nevertheless have failed to provide eligible blind individuals with an equal opportunity to participate in or benefit from the FEHBP, Defendants' discrimination is intentional and ongoing.

55. As a result of Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 794 requiring Defendants to remedy the discrimination.

56. Plaintiffs are also entitled to declaratory relief pursuant to 29 U.S.C. § 794.

57. Plaintiffs are also entitled to damages pursuant to 29 U.S.C. § 794 for Defendants' intentional discrimination.

58. Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to the Rehabilitation Act.

**COUNT THREE**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**
**(29 U.S.C. § 794)**
**Against Defendant BCBSA**

59. The allegations contained in the previous paragraphs are incorporated by reference.

60. Section 504 of the Rehabilitation Act of 1973 (as amended) ("Section 504") provides that:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

16

financial assistance or under any program or activity conducted by
any Executive agency[.]

29 U.S.C. § 794 (as amended).

61.    As part of its accessibility mandate, the Rehabilitation Act requires recipients of

Federal financial assistance to ensure that communications with their applicants, employees, and

beneficiaries are effectively conveyed to those having impaired vision and hearing. 28

C.F.R. § 42.503(e). Recipients of Federal financial assistance must also provide persons with

disabilities an equal opportunity to achieve the same benefits that others achieve in the program or

activity receiving Federal financial assistance. 28 C.F.R. § 42.503(b)(ii). Recipients are required

to "provide appropriate auxiliary aids to qualified handicapped persons with impaired sensory,

manual, or speaking skills where a refusal to make such provision would discriminatorily impair

or exclude the participation of such persons in a program or activities receiving Federal financial

assistance." 28 C.F.R. § 42.503(f).

62.    Mr. Mazrui and NFB's BCBS FEP-eligible blind members are "individuals with a

disability" as defined in 29 U.S.C. § 705(20) because each has a visual impairment that

substantially limits one or more of his or her major life activities, including the major life activity

of seeing.

63.    Mr. Mazrui and NFB's BCBS FEP-eligible blind members are federal employees,

family members, former employees, retirees, or former spouses, and therefore are qualified to

participate in the FEHBP.

64.    BCBSA is a corporation principally engaged in the business of providing health

care. BCBSA is a recipient of Federal financial assistance such that it is covered by the

Rehabilitation Act.

65.     Because the BCBS FEP website fepblue.org and the fepblue app are inaccessible to blind users, Defendant has excluded Mr. Mazrui and NFB's BCBS FEP-eligible blind members from equal participation in, denied them the benefits of, or denied them an equal opportunity to achieve the benefits of, the BCBS FEP, which it provides to nondisabled federal employees, family members, former employees, retirees, and former spouses. Defendant has also failed to ensure that communications with Plaintiffs are effectively conveyed. These violations are ongoing.

66.     Defendant BCBSA is and has been aware of the access barriers that prevent blind federal employees, family members, former employees, retirees, and former spouses from accessing fepblue.org and the fepblue app, and nevertheless has failed to provide Plaintiffs with an equal opportunity to participate in or benefit from the BCBS FEP. Defendant's discrimination is intentional and ongoing.

67.     Because of Defendant's discriminatory conduct, Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 794 requiring Defendant to remedy the discrimination.

68.     Plaintiffs are also entitled to declaratory relief pursuant to 29 U.S.C. § 794.

69.     Plaintiffs are entitled to damages pursuant to 29 U.S.C. § 794 for the Defendant's intentional discrimination.

70.     Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to the Rehabilitation Act.

## COUNT FOUR
### VIOLATION OF THE AFFORDABLE CARE ACT
### (42 U.S.C. § 18116)
### Against Defendants BCBSA, OPM, and Rigas, in his official capacity

71.     The allegations contained in the previous paragraphs are incorporated by reference.

72.     The Affordable Care Act mandates that:

> an individual shall not, on the ground prohibited under … section 794 of title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, …or under any program or activity that is administered by an Executive Agency…

42 U.S.C. § 18116.

73.     Defendants BCBSA and OPM, through Rigas, are entities that operate a health program or activity and that receive Federal financial assistance.

74.     Defendants are bound by the regulations implementing the Affordable Care Act, 42 C.F.R. Part 92, which specify that "an individual shall not, on the basis of … disability, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any health program or activity to which this part applies." 42 C.F.R. § 92.101(a)(1).

75.     Mr. Mazrui and NFB's BCBS FEP-eligible blind members are legally blind and therefore individuals with a disability under the Affordable Care Act.

76.     Mr. Mazrui and NFB's BCBS FEP-eligible blind members are federal employees, family members, former employees, retirees, or former spouses, and therefore are qualified to participate in the FEHBP.

77.     The FEHBP is a program or activity that is administered by OPM, which is an Executive Agency, run by Defendant Rigas.

78.     BCBSA receives Federal financial assistance such that it is covered by the Affordable Care Act.

79.      Through the inaccessible website fepblue.org, the Healthcare section of opm.gov, and the fepblue app, Defendants have excluded blind people from equal participation in, denied

them the benefits of, or otherwise subjected them to discrimination under the FEHBP, specifically through the BCBS FEP. These violations are ongoing.

80.     Because Defendants are and have been aware of the access barriers that prevent blind federal employees, family members, former employees, retirees, and former spouses from accessing the BCBS FEP website fepblue.org, the Healthcare section of opm.gov, and the fepblue app, and nevertheless have failed to provide Plaintiffs with an equal opportunity to participate in or benefit from the FEHBP and BCBS FEP programs, Defendants' discrimination is intentional and ongoing.

81.     As a result of Defendants' discriminatory conduct, Plaintiffs are entitled to injunctive relief requiring Defendants to remedy the discrimination. 42 U.S.C. § 18116(a); 42 C.F.R. § 92.301(a).

82.     Plaintiffs are also entitled to declaratory relief. 42 U.S.C. § 18116(a); 42 C.F.R. § 92.301(a).

83.     Plaintiffs are also entitled to compensatory damages for the Defendants' discrimination. 42 U.S.C. § 18116(a); 42 C.F.R. § 92.301(b).

84.     Plaintiffs are also entitled to reasonable attorneys' fees and costs. 42 U.S.C. § 18116(a).

20

## COUNT FIVE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. § 12182)
### Against Defendant BCBSA

85.     The allegations contained in the preceding paragraphs are incorporated by reference.

86.     Title III of the ADA guarantees that individuals with disabilities shall have full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. 42 U.S.C. § 12182; 28 C.F.R. § 36.201.

87.     BCBSA is bound by the regulations implementing Title III of the ADA, which require that places of public accommodation ensure effective communication to individuals with disabilities. 28 C.F.R.§ 36.303(c).

88.     Mr. Mazrui and NFB's FEP-eligible blind members are legally blind, and therefore are individuals with a disability under the ADA.

89.     Defendant BCBSA and its member companies are places of public accommodation under the ADA because they are "sales or rental establishment[s]," "insurance office[s]," and/or "other service establishment[s]." 42 U.S.C. § 12181(7)(E), (F).

90.     Defendant BCBSA owns, operates, or maintains the website fepblue.org and the fepblue app. The website and mobile appl are a service, facility, privilege, advantage, or accommodation of BCBSA. The website and mobile app also include information about health insurance eligibility, health insurance plans, costs, and benefits, which are goods, services, facilities, privileges, advantages, or accommodations of BCBSA.

91.     The website fepblue.org and the fepblue app contain barriers that prevent full and equal use by blind persons, including Mr. Mazrui and NFB's FEP-eligible blind members, using screen access software.

92.     Because of these barriers, BCBSA denies blind users full and equal enjoyment of the information, goods, services, facilities, privileges, advantages, or accommodations of fepblue.org and the fepblue app that BCBSA makes available to the sighted public.

93.     Defendant's discrimination is ongoing.

94.     As a result of Defendant's discriminatory conduct, Plaintiffs are entitled to injunctive relief pursuant to 42 U.S.C. § 12188 requiring BCBSA to remedy the discrimination.

95.     Also as a result of Defendant's discriminatory conduct, Plaintiffs are entitled to declaratory relief.

96.     Plaintiffs are also entitled to reasonable attorneys' fees and costs.

## COUNT SIX
## VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION
### (Wash. Rev. Code Ann. § 49.60.010 et seq.)
### Against Defendant BCBSA

97.     The allegations contained in the preceding paragraphs are incorporated here by reference.

98.     The Washington Law Against Discrimination guarantees individuals with disabilities the right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public accommodation and prohibits acts that directly or indirectly result in discrimination based on physical disability in any place of public accommodation. Wash. Rev. Code Ann. §§ 49.60.030, 49.60.215 (West).

99.     Defendant BCBSA and its member companies are places of public accommodation under the Washington Law Against Discrimination, at minimum, because fepblue.org and the fepblue app are offered "for the sale of goods, merchandise, [or] services" and "for the benefit, use, or accommodation of those seeking health" Wash. Rev. Code Ann. § 49.60.040(2) (West).

100.     Defendant BCBSA owns, operates, or maintains the website fepblue.org and fepblue app. The website and mobile app are an accommodation, advantage, facility, or privilege of BCBSA. The website and mobile app also include information about health insurance eligibility, health insurance plans, costs, and benefits, which are goods, merchandise, services, facilities, privileges, advantages, or accommodations of BCBSA.

101.     The website fepblue.org and the fepblue app contain barriers that prevent full and equal use by blind persons, including Mr. Mazrui and NFB's FEP-eligible blind members, using screen access software.

102.     Because of these barriers, BCBSA denies blind users full and equal enjoyment of the information, accommodations, advantages, facilities, or privileges that BCBSA makes available to the sighted public.

103.     Because BCBSA is and has been aware of the access barriers that prevent blind persons from accessing fepblue.org and the fepblue app and nevertheless has failed to provide Mr. Mazrui and NFB's FEP-eligible blind members full and equal enjoyment of the website, Defendant's discrimination is ongoing.

104.     As a result of BCBSA's discriminatory conduct, Plaintiffs are entitled to injunctive relief requiring BCBSA to remedy the discrimination. Wash. Rev. Code Ann. § 49.60.030(g)(2) (West).

105.     Plaintiffs are also entitled to declaratory relief. Wash. Rev. Code Ann. § 49.60.030(g)(2) (West).

106.     Plaintiffs are also entitled to compensatory damages for BCBSA's discrimination. Wash. Rev. Code Ann. § 49.60.030(g)(2) (West).

107.    Plaintiffs are also entitled to reasonable attorneys' fees and costs. Wash. Rev. Code Ann. § 49.60.030(g)(2) (West).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

A.    A declaration that Defendants OPM and Rigas violate Section 508 of the Rehabilitation Act by discriminating against qualified individuals with disabilities by using fepblue.org, the Healthcare section of opm.gov, and the fepblue app in its FEHBP;

B.    A declaration that Defendants OPM and Rigas violate Section 504 of the Rehabilitation Act by intentionally discriminating against qualified individuals with disabilities by using fepblue.org, the Healthcare section of opm.gov, and the fepblue app in its FEHBP;

C.    A declaration that Defendant BCBSA violates Section 504 of the Rehabilitation Act by intentionally discriminating against qualified individuals with disabilities by using fepblue.org and the fepblue app in the BCBS FEP;

D.    A declaration that Defendants BCBSA violates the Affordable Care Act, 42 U.S.C. § 18116, by discriminating against qualified individuals with disabilities by using fepblue.org and the fepblue app in the BCBS FEP and the FEHBP, and that such discrimination is intentional;

E.    A declaration that Defendants OPM and Rigas violate the Affordable Care Act, 42 U.S.C. § 18116, by discriminating against qualified individuals with disabilities by using fepblue.org, the Healthcare section of opm.gov, and the fepblue app in the BCBS FEP and the FEHBP, and that such discrimination is intentional;

F.      A declaration that the Defendant BCBSA violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, by discriminating against qualified individuals with disabilities by using fepblue.org and the fepblue app in the BCBS FEP;

G.      A declaration that the Defendant BCBSA violates the Washington Law Against Discrimination, Wash. Rev. Code Ann. § 49.60.030, by discriminating against qualified individuals with disabilities by using fepblue.org and the fepblue app in the BCBS FEP;

H.      An injunction to prohibit Defendants OPM and Rigas from further violating Section 508 of the Rehabilitation Act by procuring or using fepblue.org, the Healthcare section of opm.gov, and the fepblue app to offer the FEHBP for as long as fepblue.org, the Healthcare section of opm.gov, and the fepblue app are inaccessible to blind individuals;

I.      An injunction to prohibit Defendant BCBSA from further violating Section 504 of the Rehabilitation Act by failing to provide Plaintiffs equal access to the FEP and its information, programs, activities, and services through fepblue.org,  and the fepblue app, and failing to provide effective communication through fepblue.org and the fepblue app;

J.      An injunction to prohibit Defendants OPM and Rigas from further violating Section 504 of the Rehabilitation Act by failing to provide Plaintiffs equal access to the FEP and its information, programs, activities, and services through the Healthcare section of opm.gov;

K.      An injunction to prohibit the Defendant BCBSA from further violating 42 U.S.C. § 18116 of the Affordable Care Act by failing to provide Plaintiffs equal access to the FEP and its health programs, services, or activities through fepblue.org and the fepblue app, and to provide Mr. Mazrui and NFB's FEP-eligible blind members effective communication through fepblue.org and the fepblue app;

25

L. An injunction to prohibit Defendants OPM and Rigas from further violating 42 U.S.C. § 18116 of the Affordable Care Act by failing to provide Plaintiffs equal access to the FEP and its information, programs, activities, and services through the Healthcare section of opm.gov;

M. An injunction to prohibit Defendant BCBSA from further violating Title III of the ADA by creating and maintaining fepblue.org and the fepblue app so that they are inaccessible to blind individuals;

N. An injunction to prohibit Defendant BCBSA from further violating the Washington Law Against Discrimination by creating and maintaining fepblue.org and the fepblue app so that they are inaccessible to blind individuals;

O. Compensatory damages pursuant to 42 U.S.C. § 18116, 29 U.S.C. § 794, and Wash. Rev. Code Ann. § 49.60.030(g)(2);

P. Plaintiffs' reasonable attorneys' fees, expenses, and costs of suit for the Plaintiffs as provided by law; and

Q. Such other and further relief as the Court deems just and proper.

Dated: December 4, 2020

Respectfully submitted,

*/s/ Rachel M. Weisberg*

Eve Hill (*pro hac vice*)
ehill@browngold.com
Sharon Krevor-Weisbaum (*pro hac vice*)
skw@browngold.com
Monica R. Basche (*pro hac vice*)
mbasche@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
Telephone: (410) 962-1030
Facsimile: (410) 385-0869

Barry C. Taylor
barryt@equipforequality.org
Rachel M. Weisberg
rachelw@equipforequality.org
EQUIP FOR EQUALITY
20 N. Michigan Avenue, Suite 300
Chicago, IL 60602
Telephone:   (312) 341.0022
Facsimile:   (312) 541.7544

*Attorneys for Plaintiffs*

27

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 4, 2020, I caused a copy of the foregoing First

Amended Complaint to be filed electronically and that the document was served on all Counsel

of Record by the Court's CM/ECF system.


s/ Rachel M. Weisberg_____
Rachel M. Weisberg